**UNITED STATES BANKRUPTCY COURT**
**Northern District of Georgia**

In Re:  **Tyrelle Marquis Williams** ("Employee")
    **xxx–xx–6588**
       Debtor

Case No.: **17–50964–pmb**
Chapter: **13**

To: Luxottica Retail North America, Inc. ("Employer")
   4000 Luxottica Place
   Mason, OH 45040

**ORDER TO EMPLOYER TO DEDUCT AND REMIT A PORTION OF DEBTOR'S EARNINGS FOR THE VOLUNTARY PAYMENT OF DEBTS**

This is an ORDER of the United States Bankruptcy Court, NOT a garnishment.

The above–named Debtor/Employee has voluntarily filed a petition and plan under Chapter 13 of the United States Bankruptcy Code seeking to pay, in whole or in part, certain debts under the protection of this Court. These debts are to be paid by the Chapter 13 Trustee ("Trustee") from the Debtor/Employee's future earnings. Public policy requires the above–stated Employer to assist in the rehabilitation of the Debtor/Employee to avoid a Chapter 7 liquidation.
The future earnings designated to pay these debts are not used for other purposes; accordingly, it is hereby
   ORDERED that:

1. The above–named Employer shall implement deductions from Debtor/Employee's earned wages as follows: Employer shall immediately begin withholding from the wages, salary, commission, and all other earnings or income of Debtor/Employee **$ 290.00 monthly and remit same promptly to Trustee no less frequently than once each month**, and shall continue deductions until ordered otherwise by this Court.

2. Employer is enjoined and restrained from discharging, terminating, suspending or discriminating against Debtor/Employee on account of this earnings deduction order or the filing of a Chapter 13 by Debtor, for to permit otherwise would render this order a nullity; and in the event of discharge, termination or suspension of Debtor/Employee for any reason whatsoever, Employer is further ORDERED to notify Trustee of the discharge, termination, suspension and the specific reason(s) therefor.

3. The Bankruptcy Code is a Federal law that preempts and suspends state garnishment and other collection actions against Debtor/Employee. The automatic stay of 11 U.S.C. 362, together with other statutes enforcing Chapter 13 enjoin and stay the continuation of any garnishment proceeding and any other acts to proceed further with that garnishment proceeding. Therefore, if a summons of garnishment concerning Debtor/Employee has been served on Employer, Employer is enjoined and stayed from making any further deductions from the Debtor/Employee's earnings on account of said garnishment, and Employer is ORDERED to remit immediately to Trustee any sums already deducted and not yet paid over to the garnishment court.

4. This order supersedes any previous order issued with respect to the debtor's wages.

**MAIL ALL REMITTANCES WITH CASE NAME AND NUMBER TO:**

Adam M. Goodman
Adam M. Goodman, 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303

*Paul Baisier* (signature)

———————————————
Paul Baisier
United States Bankruptcy Judge

Entered on Docket: January 19, 2017

**Form F64**   (Revised 06/15/2004)